## PEOPLE v. KRUM.

**1. Criminal Law—Sentence—Time—Imprisonment.**
A court may impose both a fine *and* imprisonment whenever the statutory penalty is a fine or imprisonment (CL 1948, § 769.5).

**2. Obstructing Justice—Common Law—Statutes.**
Obstructing a public officer is recognized as a common-law crime as well as an offense under the penal code (CL 1948, § 750.479).

**3. Arrest—Resistence to Illegal Action.**
One may use such reasonable force as is necessary to prevent an illegal attachment and to resist an illegal arrest.

**4. Obstructing Justice—Road Blockade—Evidence.**
Jury's finding that defendant did obstruct justice, as charged, is not disturbed under evidence adduced showing, among other things, that he had interposed himself between an officer and cars being inspected at road blockade for discovery of prison escapees.

**5. Criminal Law — Sentence — Time — Imprisonment — Statutory Penalty.**
Sentence of 30 days in county jail and fine of $1,000 imposed for obstructing an officer is not disturbed, where statute authorizes imposition of $1,000 fine or 2 years imprisonment in the State prison, the sentence not being excessive (CL 1948, § 750.479).

**6. Same—Speedy Trial.**
The right to a speedy trial, as guaranteed by the Constitution means the right to a trial within a reasonable time, under all attendant circumstances, as will give the people an opportunity to present its case in court (Const 1908, art 2, § 19).

**7. Same—Speedy Trial—Obstructing Justice.**
Request for trial, made in March, 1961, followed by trial in April, may not be said to have constituted a denial of a speedy trial on

---

[1] 15 Am Jur, Criminal Law § 530.
[2, 4] 39 Am Jur, Obstructing Justice §§ 1, 8, 12.
[3] 5 Am Jur 2d, Arrest § 94.
[5] 15 Am Jur, Criminal Law § 530.
[6] 14 Am Jur, Criminal Law § 134.
[7, 9] 14 Am Jur, Criminal Law §§ 135, 136.
[8] 8 Am Jur 2d, Bail and Recognizance § 95.

charge of obstructing officer arising from events taking place in previous September, 1959, and defendant was free on bail (Const 1908, art 2, § 19; CL 1948, § 750.479).

8. SAME—SPEEDY TRIAL—BAIL—DISCRETION OF COURT.

A circumstance to be considered in determining whether an accused person obtains a trial within a reasonable time is whether the accused is free on bail, the determination being largely within the discretion of the trial judge (Const 1908, art 2, § 19).

9. SAME—OBSTRUCTING JUSTICE—SPEEDY TRIAL—DISCRETION OF COURT.

Trial judge who held trial of defendant on charge of obstructing an officer during month following request for trial, may not be said to have abused his discretion nor was there a violation of the defendant's right to a speedy trial, under the circumstances (Const 1908, art 2, § 19).

Appeal from Mackinac; Fenlon (Edward H.), J. Submitted February 6, 1964. (Calendar No. 46, Docket No. 50, 195.) Decided January 5, 1965. Certiorari denied by Supreme Court of United States on June 1, 1965.

Jean Cobb Krum was convicted for obstructing justice. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James R. Ramsey,* Assistant Attorney General, for the people.

*Wickett & Erickson (Charles C. Wickett,* of counsel), for defendant.

KAVANAGH, C. J. Defendant appeals by leave granted from conviction on jury verdict for a violation of CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747)[1] and from sentence thereupon to serve 30

---

[1] "Sec. 479. Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to

days in the county jail and pay a $1,000 fine and $346.20 in costs.

The criminal proceedings against defendant arose from an altercation which occurred between defendant and a member of the Michigan State police on September 26, 1959. Defendant and two traveling companions were returning from a fishing trip on that date, when the car in which they were riding was stopped at the Mackinac bridge by State police officers. The State police were looking for two prison escapees reported to be traveling by car and had established a blockade at the bridge. Defendant owned the car in which he and his companions were traveling, but someone else was driving it at the time it was stopped. One of the troopers asked the passenger in the back seat of the car to move a duffel bag and some equipment, to which the passenger replied that the trooper could not search the car without a search warrant. The trooper thereupon ordered the car driven to the side of the bridge, out of the line of traffic.

The defendant then got out of the car and advised the troopers that he and his companions were returning from a fishing trip, that there were no escapees in the car, and that there was no need to look into it. This aroused the officers' suspicions,

serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the State prison not more than 2 years, or by a fine of not more than $1,000."

which occasioned a rather loud discussion between the officers and defendant. When defendant was asked to show his driver's license, he refused to do so on the grounds that he had not been driving the automobile, and upon the further request that he show his registration certificate for the automobile, defendant declined so to do. Subsequently, despite his previous refusal to show the certificate, defendant got it from his glove compartment and returned to one of the troopers with the certificate and a pen in hand.

The trooper had, in the meantime, resumed his station near the tollgate where he was engaged in observing cars as they crossed the bridge.

Defendant testified that he asked the trooper his name; that he did nothing but write the name on a slip of paper, whereupon the trooper arrested him for obstructing the officer in carrying out his duty to inspect other cars as they stopped.

The trooper testified that defendant had asked for his name and badge number; that he told the defendant his name and asserted that the badge number was meaningless; that defendant insisted on seeing his badge, and interposed himself between the trooper and the car to be inspected, finally brushing against the trooper and moving the automatic carbine from the position in which it was held by the trooper; that the trooper told defendant he was under arrest and ordered him to go to the police car; that defendant answered, "I don't have to and you can't make me;" that the trooper then took him by the wrist and, when he wouldn't move, pulled him over to the police car. There defendant was handcuffed and taken to the Mackinac county jail.

Defendant's companions thereupon permitted the remaining troopers to search defendant's car, which

search resulted in the finding of nothing incriminating.

These events occurred on September 26, 1959. The day following his arrest defendant was released on bail. Complaint and warrant were issued in February of 1960, during which month a preliminary examination was held. In October of 1960 an amended complaint and warrant were issued, followed by a second examination in November.

In December, 1960, defendant made a motion to quash the complaint and warrant on multiple grounds, which motion was denied. Defendant filed a motion for a speedy trial in March of 1961. The jury trial was then had in April of 1961, with the result noted above.

Defendant claims on appeal that the troopers had no probable cause to stop defendant's car and to search it. His argument is that his arrest was illegal and that he was, therefore, entitled to resist it and to be told the identity of the troopers. He claims errors relating to the alleged illegality of his arrest were committed by the trial court in the denial of his motion for directed verdict at the conclusion of the people's case, in the denial of his motion for new trial, and in the refusal to give instructions, relating to the issue of the legality of his arrest, requested by the defendant.

Defendant also claims that the imposition of a jail sentence in addition to a fine is illegal in view of the statutory provision reproduced in the margin above, which authorizes imprisonment *or* a fine, the defendant's claim being that the statutory language is in terms alternative. He also suggests that in any event the sentence was grossly excessive under all of the circumstances and taking into account the defendant's past exemplary record.

In addition, defendant claims the delay in bringing the case to trial violated his constitutionally guaranteed right to a speedy trial.

To all of this, the people respond that defendant's conviction was for obstructing an officer in the performance of his duties and that the legality or illegality of the prior actions by the troopers had nothing whatever to do with the acts upon which conviction was based. The people respond to the claim the sentence was illegal by referring to CL 1948, § 769.5 (Stat Ann § 28.1077), which provides in part:

"Whenever it is provided that an offender shall be punished by * * * fine or imprisonment, the court may impose both such fine and imprisonment in its discretion."

It is first to be observed that obstructing a public officer is recognized in Michigan as a common-law crime,[2] as well as an offense under the statute quoted above in the margin. This reflects the general rule:

"The obstruction of or resistance to a public officer in the performance of his duties is an offense at common law, and by statute in all jurisdictions." (39 Am Jur, Obstructing Justice, § 8, p 506.)

While one may use such reasonable force as is necessary to prevent an illegal attachment[3] and to resist an illegal arrest,[4] the basis for such preventive or resistive action is the illegality of an officer's action, to which defendant immediately reacts. In the present case, however, the legality of the actions of the officers is not ruled on since they occurred sometime prior to the exact confrontation on which the complaint is based. It was not necessary to preservation of defendant's rights of personal liber-

---

[2] *Tryon* v. *Pingree,* 112 Mich 338 (37 LRA 222, 67 Am St Rep 398).
[3] *People* v. *Clements,* 68 Mich 655 (13 Am St Rep 373).
[4] 5 Am Jur 2d, Arrest, § 94, pp 778-780.

ty or property for him to have acted as the jury obviously believed he did, particularly since the officer had left the area and resumed his check of other cars.

Here the question is not whether the previous actions of the officers, aimed at defendant, were illegal or violative of his civil rights; if defendant was aggrieved thereby, he is not without remedy under the law. The question here is merely whether defendant obstructed the "officer, * * * authorized by law to maintain and preserve the peace, in [his] lawful acts, attempts and efforts to maintain, preserve and keep the peace." The jury found that defendant did so obstruct justice, and we find no reason, on the facts or under the law, to disturb that finding.

Defendant's claim that the imposition of a fine and imprisonment is illegal because the statute under which he was charged provided for fine *or* imprisonment is ineffective in view of the statute, cited by the people and quoted above, which provides that under such an alternative penalty provision, the trial court may impose both alternatives, in its discretion. As to the claim that the sentence was excessive, it is found to be within the limits set by the statute, and that precludes our altering it. *People* v. *Connor,* 348 Mich 456.

The right to speedy trial, claimed by defendant to have been violated here, is guaranteed to the criminally accused by the Michigan Constitution of 1908, art 2, § 19.[5] The right to a speedy trial, as defined by *Hicks* v. *Judge of Recorder's Court of Detroit,* 236 Mich 689, and *People* v. *Den Uyl,* 320 Mich 477, means the right to a trial within a reasonable time, under all attendant circumstances, as

[5] The current provision is found at Const 1963, art 1, § 20.

will give the people an opportunity to present its case in court.

It cannot be said that a speedy trial was not given after request, since request was made in March and trial was held in April.  See *People* v. *Foster,* 261 Mich 247.

One of the many circumstances to be considered in connection with reasonable time is whether the accused is free on bail, as defendant was in this case (*People* v. *Den Uyl, supra* p 491), and the necessity for such *ad hoc* determination of the question demands that the decision be left largely within the discretion of the trial judge.  (*Hicks* v. *Judge of Recorder's Court of Detroit, supra.*)

In view of the circumstances in this case, as described above, it cannot be said that the trial judge abused his discretion in finding no violation of the right of defendant to a speedy trial.

Judgment affirmed.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.