PEOPLE v. STUBBS

1. CRIMINAL LAW — RESISTING AN OFFICER IN THE DISCHARGE OF DUTY.
   A threatened interference with a police officer, by any means, coupled with the apparent ability to carry out the threat, is sufficient to convict a defendant of resisting a police officer in the discharge of his lawful duty, notwithstanding the fact that there was no personal physical interference and the officer successfully performed his duties (CL 1948, § 750.479).

2. SAME—RESISTING AN OFFICER—EVIDENCE.
   A call for additional police officers because of defendants' acts is ample evidence to support a jury's conclusion that defendants resisted police officers in the performance of their lawful duty.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arrest §§ 80, 81, 94; 39 Am Jur, Obstructing Justice §§ 8–11, 22.

Appeal from Genesee, Mansour (Anthony J.), J.
Submitted Division 2 December 3, 1968, at Lansing.
(Docket No. 4,033.)    Decided December 31, 1968.

Leon Stubbs and Charles Shumpert were convicted of resisting a police officer in the discharge of his duty. Defendants appeal. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, and *Donald A. Kuebler*, Assistant Prosecuting Attorney, for the people.

*Robert A. Grimes*, for defendants on appeal.

QUINN, J.    March 9, 1967, defendants were convicted by jury verdict of the offense of resisting an officer contrary to CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747). Thereafter they were sentenced and they appeal.

The pertinent language of the statute is:

"Any person who shall knowingly and willfully obstruct, resist or oppose any sheriff * * * or other officer * * * authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty * * * ."

The pertinent language of the information is:

"Did knowingly, unlawfully and willfully obstruct, restrict and oppose police officers lawfully performing their authorized duties and in particular: * * * did resist and oppose the lawful arrest of Augusta Braswell for carrying a concealed weapon by Jack Fisher, Wayne Hillier and Patrick Sweet, duly authorized police officers of the city of Flint and did make threats of violence to said police officers, did

incite others to obstruct, resist, and oppose the lawful acts of the said police officers."

The relevant facts are: shortly after midnight on July 17, 1966, the owner and operator of a bar in Flint telephoned the Flint police headquarters and reported a female patron was on the dance floor of the establishment brandishing a pistol. The 3 police officers named above went to the scene to apprehend the woman. At the bar, one of the officers located the woman described to them as the one brandishing the pistol, and one of them asked her to step outside for questioning. She refused to do so and immediately became animated and belligerent. When the officers attempted to remove her, patrolman Sweet was grabbed on the shoulder by Stubbs, who demanded to know why the officers were arresting Miss Braswell without a policewoman present and stated that the officers had no right to look in her purse. Miss Braswell was eventually taken outside, where a crowd had gathered. While trying to clear the way for the other 2 officers and Miss Braswell, officer Sweet was confronted by Shumpert, who attempted to push Sweet out of the way. Sweet ordered Shumpert to return to the sidewalk and Shumpert replied "fuck you, cops * * * you think Chicago was bad, wait 'til we get through with you".

The size of the crowd increased and the owner of the bar telephoned police headquarters for more help. Stubbs and Shumpert alternated between threatening the officers and encouraging the crowd to "'take' her away from them". Eight additional police officers appeared on the scene and had a difficult time in controlling the crowd. During this time, defendants were screaming for the crowd to take Miss Braswell from the officers and to "take them, we can take them". The crowd repeated the

outbursts of defendants and it moved closer to the police cruiser. A policewoman finally appeared on the scene and she was able to get Miss Braswell into the cruiser, which was by then entirely encircled by the crowd. It was necessary for 2 officers to walk in front of the cruiser, moving the crowd back from it by force, before the cruiser could be moved.

Although defendants raise 7 issues on appeal, the only issue that requires discussion to any extent is the contention of defendants that personal physical interference is necessary before an offense under the statute is established in a situation, as here, where the police accomplish their purpose.

The language of the statute does not require personal physical interference, *People* v. *King* (1926), 236 Mich 405 (48 ALR 742), nor does it require that the police officers be prevented from performing their duty, *People* v. *Krum* (1965), 374 Mich 356. There is sufficient obstruction, resistance or opposition if there be threatened interference with an officer by any means coupled with the apparent ability to carry out the threats. In this case the fact that 8 additional officers were called as a result of defendants' acts is ample support for the jury's conclusion that defendants resisted the officers in the performance of their lawful duty.

An examination of the other issues raised on appeal in context with the record in this case convinces this Court that there is no reversible error present.

Affirmed.

T. G. KAVANAGH, P. J., and MILLER, J., concurred.