PEOPLE v DAVIS

PEOPLE v LAWAY

Docket Nos. 170434, 171167. Submitted November 3, 1994, at Grand Rapids. Decided April 3, 1995, at 9:55 A.M. Leave to appeal sought.

Jerry L. Davis was charged in the Cheboygan Circuit Court with operating a motor vehicle while under the influence of intoxicating liquor (OUIL) and resisting and obstructing an officer. The resisting and obstructing charge was based on the defendant's refusal to allow a blood sample to be drawn by a laboratory technician in a hospital pursuant to a valid search warrant that commanded the officers who had arrested him for the OUIL offense to seize the defendant and procure a blood sample from an appropriate medical facility. The court, Robert C. Livo, J., granted the defendant's motion to dismiss the resisting and obstructing charge and remanded the OUIL charge to the district court. The people appealed.

Raymond D. Laway was charged in the Cheboygan Circuit Court with the same offenses as Davis on the basis of similar facts. The court, Robert C. Livo, J., granted the defendant's motion to dismiss the resisting and obstructing charge and remanded the OUIL charge to the district court. The people appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The defendants' conduct hindered the officers' execution of their duties under the search warrants. The term "keep the peace" in the resisting and obstructing statute may be construed to include the procurement of a blood sample by a police officer. The procurement of a blood sample is an ordinary police function covered under the statute. The trial court erred in ruling that the defendants could not be charged under the statute because their refusal to allow a blood sample to be drawn did not interfere with the officers' legal execution of their duties. The trial court erred in dismissing the charges.

Reversed and remanded.

REFERENCES

Am Jur 2d, Sheriffs, Police, and Constables §§ 46-49.

What constitutes obstructing or resisting an officer, in the absence of actual force. 44 ALR3d 1018.

1. CRIMINAL LAW — RESISTING AND OBSTRUCTING AN OFFICER —
     WORDS AND PHRASES — "KEEP THE PEACE."

   A police officer's efforts to keep the peace include ordinary police
   functions that do not directly involve placing a person under
   arrest; the term "keep the peace" in the statute prohibiting
   resisting and obstructing an officer may be construed to include
   the procurement of a defendant's blood sample by a police
   officer pursuant to a valid warrant; the procurement of a blood
   sample is an ordinary police function covered under the statute
   (MCL 750.479; MSA 28.747).

2. CRIMINAL LAW — RESISTING AND OBSTRUCTING AN OFFICER —
     BLOOD SAMPLES — SEARCH WARRANTS.

   A defendant hinders a police officer's execution of the officer's
   duties under a search warrant commanding the officer to seize
   the defendant and procure blood samples from an appropriate
   medical facility where the defendant, after being transported to
   an appropriate medical facility by the officer pursuant to the
   warrant, refuses to allow a laboratory technician to draw a
   blood sample (MCL 750.479; MSA 28.747).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Joseph P. Kwiatkowski,*
Prosecuting Attorney, and *Katherine M. Castagne,*
Chief Assistant Prosecuting Attorney, for the people.

*Daniel Loznak,* for Jerry L. Davis.

*Ronald J. Varga,* for Raymond D. Laway.

Before: MURPHY, P.J., and GRIFFIN and W. A.
CRANE,* JJ.

GRIFFIN, J. The people appeal as of right the
orders of the circuit court dismissing charges
against both defendants for resisting and obstruct-
ing an officer, MCL 750.479; MSA 28.747. The
appeals were consolidated by the Court of Appeals.
In both cases, defendants refused to allow their
blood to be drawn by a lab technician pursuant to

* Circuit judge, sitting on the Court of Appeals by assignment.

a valid search warrant. We reverse and reinstate the charges.

I

DOCKET NO. 170434

On July 26, 1993, defendant Jerry Lee Davis was stopped by officers of the Cheboygan County Sheriff's Department after he was observed driving in an erratic manner. Upon approaching defendant's vehicle, the officers detected a strong odor of alcohol. After defendant got out of his truck, he was unable to perform the officers' field sobriety tests. Defendant was arrested and taken to the Cheboygan County jail after he refused to submit to a Breathalyzer test.

Defendant continued to refuse to take a Breathalyzer test while at the jail. The officers then obtained a search warrant from a magistrate to allow the procurement of a blood sample from defendant. After the search warrant was served on defendant at the jail, he indicated that "no blood would be taken from him." Defendant was transported to the Community Memorial Hospital in Cheboygan.

While at the hospital, defendant continued to insist that "no blood sample" would be taken from him. Defendant was warned repeatedly that he would be charged with resisting an officer if he did not allow his blood to be drawn. Nevertheless, every time the lab technician attempted to collect his blood sample he pulled his arm away. Defendant was transported back to the jail after the lab technician was unable to collect a blood sample.

Defendant subsequently was charged and bound over to stand trial on charges of operating a motor vehicle while under the influence of intoxicating

liquor (OUIL), MCL 257.625(1); MSA 9.2325(1), and resisting and obstructing an officer, MCL 750.479; MSA 28.747. Following a hearing regarding defendant's motion to quash, the trial court dismissed the resisting and obstructing charge and remanded the OUIL charge to the district court. The trial court ruled that defendant could not be charged under the statute because defendant's refusal to allow the blood sample to be drawn did not interfere with the officers' legal execution of their duties.

DOCKET NO. 171167

On July 3, 1993, defendant Raymond Laway was stopped by Mackinaw City police officers after trying to elude the officers in his vehicle. After defendant was offered and failed several field sobriety tests, he was arrested for OUIL. Defendant was transported by the officers to the Cheboygan County jail.

After arriving at the jail, defendant refused to take a Breathalyzer test. A search warrant was obtained from a magistrate and the officers transported defendant to a hospital to have a blood sample drawn. The officers testified that, after the search warrant was read to defendant at the hospital, he became "defiant again and said we aren't going to take [a blood sample] without a fight." Defendant was informed by the officers that he would be charged with resisting and obstructing an officer if he refused to allow his blood to be drawn. Nevertheless, defendant was returned to jail after he refused to allow a blood sample to be taken.

Defendant subsequently was charged and bound over to stand trial for OUIL, MCL 257.625(1); MSA 9.2325(1), and resisting and obstructing an officer,

MCL 750.479; MSA 28.747. Following a hearing regarding defendant's motion to quash, the trial court dismissed the resisting and obstructing charge and remanded the OUIL charge to the district court. The trial court relied on the reasons cited in its earlier ruling in Docket No. 170434 to support the dismissal of the charge.

II

We review a trial court's decision to grant a motion to quash on legal grounds for error. *People v Thomas,* 438 Mich 448, 452; 475 NW2d 288 (1991); *People v Cunningham,* 201 Mich App 720, 723; 506 NW2d 624 (1993). An "abuse of discretion" standard is employed only for appeals based upon a review of the factual sufficiency of the evidence against the defendant. *Thomas, supra.*

III

The elements of the crime of resisting and obstructing an officer are set forth in MCL 750.479; MSA 28.747:

Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process,

rule or order, or for having served, or attempted to
serve or execute the same, or who *shall so ob-
struct, resist, oppose, assault, beat or wound any of
the above named officers, or any other person or
persons authorized by law to maintain and pre-
serve the peace, in their lawful acts, attempts and
efforts to maintain, preserve and keep the peace,*
shall be guilty of a misdemeanor, punishable by
imprisonment in the state prison not more than
two years, or by a fine of not more than one
thousand dollars.

Defendants rely heavily on the construction of
the statute stated in *People v Stiles,* 99 Mich App
116, 119; 297 NW2d 631 (1980), and *People v John
Weatherspoon,* 6 Mich App 229, 232; 148 NW2d
889 (1967), limiting its reach to acts committed
against police officers in the legal execution of
their duties:

> The proscription in MCL 750.479; MSA 28.747
> against obstructing or assaulting police officers "in
> their lawful acts, attempts and efforts to maintain,
> preserve and keep the peace" applies to acts com-
> mitted against police officers in the legal execution
> of any of their duties. [*Stiles, supra* at 119; citation
> omitted.]

Defendants argue that because the officers were
not legally authorized to draw blood, any conduct
construed as interfering with the withdrawal of
the blood is not punishable under the statute.
Defendants claim that at most the evidence estab-
lished that they resisted or obstructed the lab
technician. This argument is without merit.

In *People v Little,* 434 Mich 752, 759; 456 NW2d
237 (1990), our Supreme Court reinstated resisting
and obstructing charges against the defendant
after he obstructed a police officer's attempt to
administer a Breathalyzer test:

> The Court of Appeals is correct that no previously reported decision is on point. However, it is clear that the events alleged in this case fall within the plain language of the statute.
>
> Such an application of the statute accords with its purpose, which is to protect officers from physical harm. *People v Kretchmer* [404 Mich 59, 64; 272 NW2d 558 (1978)]. Moreover, there is ample authority that an officer's efforts to "keep the peace" include ordinary police functions that do not directly involve placing a person under arrest. *People v Krum* [374 Mich 356, 362; 132 NW2d 69 (1965);] *People v John Weatherspoon, supra* at 232.

Like the administration of a Breathalyzer test, we construe the term "keep the peace" to include the procurement of a blood sample by a police officer. The procurement of a blood sample is an "ordinary police function" covered under the statute. *Little, supra.* Furthermore, we find unpersuasive defendants' argument that their refusal to allow the blood samples to be drawn did not interfere with the officers' performance of their duties. See *People v Pohl,* 207 Mich App 332, 333; 523 NW2d 634 (1994). The officers were attempting to enforce valid search warrants commanding them to "seize" defendants and "procure" blood samples from an appropriate medical facility. Thus, defendants' conduct hindered the officers' execution of their duties under the search warrants. Accordingly, we conclude that the trial court erred in dismissing the charges.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.