Kelly, P.J.
The prosecution appeals by leave granted the order of the circuit court affirming the magistrate’s decision to not bind over defendant on a charge of resisting and obstructing a police officer, MCL 750.479; MSA 28.747. We affirm.
BACKGROUND
On August 8, 1996, at approximately 12:35 A.M., defendant drove his car in the wrong direction on an entrance ramp of 1-75. Monroe County Deputy Sheriff Ken Booker stopped the car and noticed that defendant appeared to be intoxicated. After performing several field sobriety tests, defendant was arrested for operating a motor vehicle while under the influence of intoxicating liquor (OUIL).[1] While waiting for defendant’s car to be towed, Booker advised defend *473 ant of his chemical test rights and asked if he would take a Breathalyzer test. Defendant agreed.
Booker took defendant to the county jail, where the Breathalyzer equipment is located. On the way to the jail, defendant was not combative, but did voice his being upset at the situation he was in. While en route to the jail, defendant informed Booker that he did not want to take the test and wanted to speak with an attorney. At the jail, defendant was given a phone book; he then called his father. Defendant informed Booker that his father was going to find him an attorney. Booker explained to defendant that they had a two-hour window of opportunity to administer the breath test, and that they could not wait another two hours for defendant’s attorney. Booker told defendant that he had to comply with the test by law. Defendant stated he would not take the test until he spoke with an attorney.
Fearing that he may not be able to administer the Breathalyzer test within the two-hour time frame, Booker contacted an assistant prosecutor who instructed him to request a blood search warrant. Booker called a magistrate and then drove defendant to Monroe Mercy Hospital. While waiting for the magistrate to arrive, defendant sat quietly. When the magistrate arrived at the hospital, the three of them went into a room where Booker explained to defendant that the magistrate was issuing a warrant for the seizure of defendant’s blood. Booker further explained that the warrant was a court order, that defendant would have to comply and that if he failed to do so, he would be charged with resisting and obstructing a police officer. Defendant indicated that he would not submit to the test; however, he did not *474 respond in a threatening manner either verbally or physically.
After the magistrate completed the warrant, Booker gave a copy of it to defendant who refused to read it. Booker read aloud part of the warrant to defendant. Booker again explained to defendant that the warrant was a court order that he was obligated to comply with. Booker asked if he understood this. Defendant responded that he did, but that he would not comply with a request for a blood test. Defendant did not interfere physically, nor did he threaten the officer. Defendant simply said “no” to the officer’s requests and commands.
The district court dismissed the charge of resisting and obstructing an officer. Because there was no actual force and, in the court’s opinion, no threatened interference coupled with an apparent ability to carry it out, the court dismissed the charge because “the mere saying of no—is is not what the statute envisions.” The prosecution appealed to the circuit court, and the dismissal was upheld. We granted the prosecution’s application for leave to appeal.
RESISTING AND OBSTRUCTING A POLICE OFFICER
The issue in this case is whether defendant’s conduct falls within the statutory scope of MCL 750.479; MSA 28.747, which provides:
Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or com *475 mon council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than two years, or by a fine of not more than one thousand dollars.
Whether defendant’s conduct falls within the scope of the statute will be reviewed de novo. People v Hamblin, 224 Mich App 87, 91; 568 NW2d 339 (1997).
The district court’s assessment of the passivity of defendant’s demeanor and conduct is not challenged. We are presented with an issue of first impression. That is, whether verbal conduct, absent any threatening connotation or physical manifestation of an intent to interfere with police duties, can support a charge of resisting or obstructing a police officer. We believe that defendant’s simple response of “no” to Deputy Booker’s request that defendant comply with the warrant cannot justify a charge of resisting and obstructing a police officer.
The parties rely, for the most part, on the same cases. At first glance, the consolidated cases of People v Davis and People v Laway, 209 Mich App 580; 531 NW2d 787 (1995), appear to have the greatest effect on our decision today. The facts of Davis are that the defendant was stopped for apparently driving while under the influence of alcohol. After failing the *476 field sobriety tests, the defendant was arrested and taken to the county jail, where he refused to take a Breathalyzer test. A search warrant was obtained to procure a sample of Davis’ blood. At the hospital, Davis refused to submit to the test and resisted by consistently moving his arm away from the lab technician. Id. at 582.
The facts of Laway are that the defendant was arrested for OUIL and taken to the county jail. At the jail, the defendant refused to take a Breathalyzer test, and a search warrant was obtained in order to take a sample of his blood. At the hospital, the defendant became defiant and stated that the police would not be taking his blood without a fight. Id. at 583. In finding that the trial court erred in dismissing the charges against both defendants, this Court stated:
The officers were attempting to enforce valid search warrants commanding them to “seize” defendants and “procure” blood samples from an appropriate medical facility. Thus, defendants’ conduct hindered the officers’ execution of their duties under the search warrants. [Id. at 586.]
We find that the facts of Davis and Laway are distinguishable from the instant case. In those cases both defendants evoked some measure of resistance to the officers’ demands for compliance. In the case at bar, defendant never physically resisted either the deputy or a member of the medical staff. Also, defendant never threatened anyone with the promise of escalating the situation into one of physical confrontation if his blood was drawn. Defendant did not pull his arm away from a medical technician as one of the defendants did in Davis.
*477 The district court, in its decision to dismiss the charge, cited People v Stubbs, 15 Mich App 453; 166 NW2d 477 (1968). In Stubbs, this Court stated that “[t]here is sufficient obstruction, resistance or opposition if there be threatened interference with an officer by any means coupled with the apparent ability to carry out the threats.” Id. at 456. Here, the trial court reasoned that there was no physical interference by defendant, nor was there a threat to interfere with Deputy Booker’s duties. While our decision in Stubbs is consistent with our decision in Davis and Laway, Stubbs does not explicitly state that the only type of verbal interference triggering application of this statute is the type in which a threat is coupled with an apparent ability to carry out the threat.
We look to People v Kelley, 78 Mich App 769; 260 NW2d 923 (1977), for guidance on this issue. In Kelley, an intoxicated driver drove his automobile off the road near the defendant’s home. The defendant used his tractor to pull the car out of the ditch before the deputy sheriff arrived. After the driver was arrested, the defendant, the driver’s friend, wanted to tow the driver’s car so as to avoid any towing fees associated with the arrest. The deputy informed the defendant that the car had to be towed by a wrecker and impounded. The deputy ordered the defendant to unhitch the car from the tractor, but the defendant refused. The defendant began making abusive and obscene remarks to the deputy. The defendant told the deputy that he had no authority to make him do anything. The defendant was then arrested. Id. at 771-773.
*478 While this Court did not find the defendant to have physically interfered with the deputy,[2] the Court did find the defendant’s constant barrage of abusive and obscene remarks taken together with the refusal to unhitch the automobile from the tractor sufficient to permit a conviction. Id. at 777-778. Again, we believe that the facts in the instant case are distinguishable from the facts in Kelley. Here, defendant’s only response to Deputy Booker’s statement that he would have to comply with the warrant was “no.” Such a monosyllabic response by defendant in no way rises to the level of the heated confrontation exerted by the defendant in Kelley. This defendant never acted in an overtly hostile and vociferous fashion as did the defendants in Davis and Kelley discussed above.
In a case with a fact pattern similar to the instant action, this Court, while ruling on an allegedly defective jury instruction, appeared to state, albeit in dicta, that a verbal refusal without a threatening undertone would be enough to trigger application of MCL 750.479; MSA 28.747. People v Gaydosh, 203 Mich App 235, 238; 512 NW2d 65 (1994). However, we believe Gaydosh is not controlling. First, the Court did not explain the language used by the defendant in voicing his resistance to the blood test or the circumstances surrounding the statement. Second, the Court addressed only the appropriateness of a jury instruction; it did not address the sufficiency of the evidence. Therefore, the Court’s determination that the *479 verbal refusal was enough to show resistance was not essential to the Court’s decision and does not establish binding precedent. People v Green, 205 Mich App 342, 346; 517 NW2d 782 (1994).
Other opinions of this Court have suggested that a resisting or obstructing charge requires “active interference.” In People v Landrie, 124 Mich App 480; 335 NW2d 11 (1983), the Court noted that “[t]he only evidence of interference was that the defendant left the scene after the officer had stopped him.” Id. at 483. In order for a charge of resisting or obstructing to apply, some form of active interference greater than fleeing the scene is necessary. Id.
In People v Pohl, 207 Mich App 332; 523 NW2d 634 (1994), this Court distinguished Landrie with reference to active interference. Unlike Landrie, the Pohl Court held that prearrest flight was sufficient to support a conviction of resisting or obstructing by stating, “Although defendant did not physically obstruct the officer, he did engage in conduct that under all the circumstances hindered an officer conducting a police investigation . ...” Id. at 333. Again, in the context of the instant case, defendant’s uttering that he did not want to have his blood drawn, in conjunction with his placid demeanor throughout the night in question, leads us to believe that the trial court did not err in finding that his conduct did not rise to the level of resisting or obstructing as required by MCL 750.479; MSA 28.747.
In People v King, 236 Mich 405; 210 NW 235 (1926), the defendants through verbal acts alone, incited a crowd of people to overrun police officers and gain illegal entrance to a park. As the Supreme Court concluded, “it was not necessary that they should kick *480 and fight and bite their way into the park. Their conduct under the circumstances was just as effective in resisting the officers as though they had used physical force.” Id. at 412. Again, King is distinguishable from the instant case. In King, the Supreme Court found that the incitement of riotous behavior was enough to violate the statute that prohibits resisting. In the present case, defendant simply said “no” to the deputy’s demand. While we agree that the incitement of violent behavior toward police officers would be enough to trigger application of MCL 750.479; MSA 28.747, the verbal actions of defendant cannot be said to rise to such a degree of resistance against Deputy Booker.
Harmonizing the holdings in the above cases, we hold that in order for the prosecution to meet the statutory requirements for a charge of resisting or obstructing a police officer, there must be an active interference, either verbal or physical, or a threatened interference with the ability to carry out the threat. In considering all the circumstances surrounding the events in question, we are unable to find that defendant actively interfered or threatened to interfere with a valid police duty.[3] At best, by refusing to have his blood drawn, defendant could be said to have passively interfered with Deputy Booker in the exercise of his legitimate police duties in attempting to procure a blood sample.[4]
*481 Affirmed.
Holbrook, Jr., J., concurred.

 MCL 257.625; MSA 9.2325.

 This is somewhat hard to believe because at the time the deputy and the defendant were conversing, the driver’s automobile was hitched to the defendant’s tractor. Id. at 772. In the eyes of this panel, refusing to unhitch an automobile from a tractor could very easily be construed as physically interfering with an officer’s duties.

 It should be noted that procurement of a blood sample is an ordinary police function covered under MCL 750.479; MSA 28.747. People v Little, 434 Mich 752, 759; 456 NW2d 237 (1990).

 We note that had defendant’s actions demonstrated the slightest manifestation of overt interference with the police or the hospital staff, we would not have hesitated in reinstating the charge against him.