595 N.W.2d 502 (1999)
234 Mich. App. 465
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Harry David PHILABAUN, Defendant-Appellee.
Docket No. 201759.
Court of Appeals of Michigan.
Submitted October 8, 1998, at Detroit.
Decided March 19, 1999, at 9:00 a.m.
Released for Publication June 22, 1999.
*503 Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, Edward F. Swinkey, Prosecuting Attorney, and Michael G. Roehrig, Assistant Prosecuting Attorney, for the people.
Jack Vitale, Monroe, for the defendant.
Before MICHAEL J. KELLY, P.J., and HOLBROOK, JR., and MURPHY, JJ.
MICHAEL J. KELLY, P.J.
The prosecution appeals by leave granted the order of the circuit court affirming the magistrate's decision to not bind over defendant on a charge of resisting and obstructing a police officer, M.C.L. § 750.479; MSA 28.747. We affirm.

BACKGROUND
On August 8, 1996, at approximately 12:35 a.m., defendant drove his car in the wrong direction on an entrance ramp of I-75. Monroe County Deputy Sheriff Ken Booker stopped the car and noticed that defendant appeared to be intoxicated. After performing several field sobriety tests, defendant was arrested for operating a motor vehicle while under the influence of intoxicating liquor (OUIL).[1] While waiting for defendant's car to be towed, Booker advised defendant of his chemical test rights and asked if he would take a Breathalyzer test. Defendant agreed.
Booker took defendant to the county jail, where the Breathalyzer equipment is located. On the way to the jail, defendant was not combative, but did voice his being upset at the situation he was in. While en route to the jail, defendant informed Booker that he did not want to take the test and wanted to speak with an attorney. At the jail, defendant was given a phone book; he then called his father. Defendant informed Booker that his father was going to find him an attorney. Booker explained to defendant that they had a two-hour window of opportunity to administer the breath test, and that they could not wait another two hours for defendant's attorney. Booker told defendant that he had to comply with the test by law. Defendant stated he would not take the test until he spoke with an attorney.
Fearing that he may not be able to administer the Breathalyzer test within the two-hour time frame, Booker contacted an assistant prosecutor who instructed him to request a blood search warrant. Booker called a magistrate and then drove defendant to Monroe Mercy Hospital. While waiting for the magistrate to arrive, defendant sat quietly. When the magistrate arrived at the hospital, the three of them went into a room where Booker explained to defendant that the magistrate was issuing a warrant for the seizure of defendant's blood. Booker further explained that the warrant was a court order, that defendant would have to comply, and that if he failed to do so, he would be charged with resisting and obstructing a police officer. Defendant indicated that he would not submit to the test; however, he did not respond in a threatening manner either verbally or physically.
After the magistrate completed the warrant, Booker gave a copy of it to defendant who refused to read it. Booker read aloud part of the warrant to defendant. Booker again explained to defendant that the warrant was a court order that he was obligated to comply with. Booker asked if he understood this. Defendant responded that he did, but that he would not comply with a request for a blood test. Defendant did not interfere physically, nor did he threaten the officer. Defendant simply said "no" to the officer's requests and commands.
The district court dismissed the charge of resisting and obstructing an officer. Because there was no actual force and, in the court's opinion, no threatened interference *504 coupled with an apparent ability to carry it out, the court dismissed the charge because "the mere saying of nois is not what the statute envisions." The prosecution appealed to the circuit court, and the dismissal was upheld. We granted the prosecution's application for leave to appeal.

RESISTING AND OBSTRUCTING A POLICE OFFICER
The issue in this case is whether defendant's conduct falls within the statutory scope of M.C.L. § 750.479; MSA 28.747, which provides:
Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than two years, or by a fine of not more than one thousand dollars.
Whether defendant's conduct falls within the scope of the statute will be reviewed de novo. People v. Hamblin, 224 Mich.App. 87, 91, 568 N.W.2d 339 (1997).
The district court's assessment of the passivity of defendant's demeanor and conduct is not challenged. We are presented with an issue of first impression. That is, whether verbal conduct, absent any threatening connotation or physical manifestation of an intent to interfere with police duties, can support a charge of resisting or obstructing a police officer. We believe that defendant's simple response of "no" to Deputy Booker's request that defendant comply with the warrant cannot justify a charge of resisting and obstructing a police officer.
The parties rely, for the most part, on the same cases. At first glance, the consolidated cases of People v. Davis and People v. Laway, 209 Mich.App. 580, 531 N.W.2d 787 (1995), appear to have the greatest effect on our decision today. The facts of Davis are that the defendant was stopped for apparently driving while under the influence of alcohol. After failing the field sobriety tests, the defendant was arrested and taken to the county jail, where he refused to take a Breathalyzer test. A search warrant was obtained to procure a sample of Davis' blood. At the hospital, Davis refused to submit to the test and resisted by consistently moving his arm away from the lab technician. Id. at 582, 531 N.W.2d 787.
The facts of Laway are that the defendant was arrested for OUIL and taken to the county jail. At the jail, the defendant refused to take a Breathalyzer test, and a search warrant was obtained in order to take a sample of his blood. At the hospital, the defendant became defiant and stated that the police would not be taking his blood without a fight. Id. at 583, 531 N.W.2d 787. In finding that the trial court erred in dismissing the charges against both defendants, this Court stated:
The officers were attempting to enforce valid search warrants commanding them to "seize" defendants and "procure" blood samples from an appropriate *505 medical facility. Thus, defendants' conduct hindered the officers' execution of their duties under the search warrants. [Id. at 586, 531 N.W.2d 787.]
We find that the facts of Davis and Lawayare distinguishable from the instant case. In those cases both defendants evoked some measure of resistance to the officers' demands for compliance. In the case at bar, defendant never physically resisted either the deputy or a member of the medical staff. Also, defendant never threatened anyone with the promise of escalating the situation into one of physical confrontation if his blood was drawn. Defendant did not pull his arm away from a medical technician as one of the defendants did in Davis.
The district court, in its decision to dismiss the charge, cited People v. Stubbs, 15 Mich.App. 453, 166 N.W.2d 477 (1968). In Stubbs, this Court stated that "[t]here is sufficient obstruction, resistance or opposition if there be threatened interference with an officer by any means coupled with the apparent ability to carry out the threats." Id. at 456, 166 N.W.2d 477. Here, the trial court reasoned that there was no physical interference by defendant, nor was there a threat to interfere with Deputy Booker's duties. While our decision in Stubbs is consistent with our decision in Davis and Laway, Stubbs does not explicitly state that the only type of verbal interference triggering application of this statute is the type in which a threat is coupled with an apparent ability to carry out the threat.
We look to People v. Kelley, 78 Mich.App. 769, 260 N.W.2d 923 (1977), for guidance on this issue. In Kelley, an intoxicated driver drove his automobile off the road near the defendant's home. The defendant used his tractor to pull the car out of the ditch before the deputy sheriff arrived. After the driver was arrested, the defendant, the driver's friend, wanted to tow the driver's car so as to avoid any towing fees associated with the arrest. The deputy informed the defendant that the car had to be towed by a wrecker and impounded. The deputy ordered the defendant to unhitch the car from the tractor, but the defendant refused. The defendant began making abusive and obscene remarks to the deputy. The defendant told the deputy that he had no authority to make him do anything. The defendant was then arrested. Id. at 771-773, 260 N.W.2d 923.
While this Court did not find the defendant to have physically interfered with the deputy,[2] the Court did find the defendant's constant barrage of abusive and obscene remarks taken together with the refusal to unhitch the automobile from the tractor sufficient to permit a conviction. Id. at 777-778, 260 N.W.2d 923. Again, we believe that the facts in the instant case are distinguishable from the facts in Kelley. Here, defendant's only response to Deputy Booker's statement that he would have to comply with the warrant was "no." Such a monosyllabic response by defendant in no way rises to the level of the heated confrontation exerted by the defendant in Kelley. This defendant never acted in an overtly hostile and vociferous fashion as did the defendants in Davis and Kelley discussed above.
In a case with a fact pattern similar to the instant action, this Court, while ruling on an allegedly defective jury instruction, appeared to state, albeit in dicta, that a verbal refusal without a threatening undertone would be enough to trigger application of M.C.L. § 750.479; MSA 28.747. People v. Gaydosh, 203 Mich.App. 235, 238, 512 N.W.2d 65 (1994). However, we believe Gaydosh is not controlling. First, the Court did not explain the language used by the defendant in voicing his resistance to the blood test, *506 nor the circumstances surrounding the statement. Second, the Court addressed only the appropriateness of a jury instruction; it did not address the sufficiency of the evidence. Therefore, the Court's determination that the verbal refusal was enough to show resistance was not essential to the Court's decision and does not establish binding precedent. People v. Green, 205 Mich.App. 342, 346, 517 N.W.2d 782 (1994).
Other opinions of this Court have suggested that a resisting or obstructing charge requires "active interference." In People v. Landrie, 124 Mich.App. 480, 335 N.W.2d 11 (1983), the Court noted that "[t]he only evidence of interference was that the defendant left the scene after the officer had stopped him." Id. at 483, 335 N.W.2d 11. In order for a charge of resisting or obstructing to apply, some form of active interference greater than fleeing the scene is necessary. Id.
In People v. Pohl, 207 Mich.App. 332, 523 N.W.2d 634 (1994), this Court distinguished Landrie with reference to active interference. Unlike Landrie, the Pohl Court held that preflight arrest was sufficient to support a conviction of resisting or obstructing by stating, "Although defendant did not physically obstruct the officer, he did engage in conduct that under all the circumstances hindered an officer conducting a police investigation...." Id. at 333, 523 N.W.2d 634. Again, in the context of the instant case, defendant's uttering that he did not want to have his blood drawn, in conjunction with his placid demeanor throughout the night in question, leads us to believe that the trial court did not err in finding that his conduct did not rise to the level of resisting or obstructing as required by M.C.L. § 750.479; MSA 28.747.
In People v. King, 236 Mich. 405, 210 N.W. 235 (1926), the defendants through verbal acts alone, incited a crowd of people to overrun police officers and gain illegal entrance to a park. As the Supreme Court concluded, "it was not necessary that they should kick and fight and bite their way into the park. Their conduct under the circumstances was just as effective in resisting the officers as though they had used physical force." Id. at 412, 210 N.W. 235. Again, King is distinguishable from the instant case. In King, the Supreme Court found that the incitement of riotous behavior was enough to violate the statute that prohibits resisting. In the present case, defendant simply said "no" to the deputy's demand. While we agree that the incitement of violent behavior toward police officers would be enough to trigger application of M.C.L. § 750.479; MSA 28.747, the verbal actions of defendant cannot be said to rise to such a degree of resistance against Deputy Booker.
Harmonizing the holdings in the above cases, we hold that in order for the prosecution to meet the statutory requirements for a charge of resisting or obstructing a police officer, there must be an active interference, either verbal or physical, or a threatened interference with the ability to carry out the threat. In considering all the circumstances surrounding the events in question, we are unable to find that defendant actively interfered or threatened to interfere with a valid police duty.[3] At best, by refusing to have his blood drawn, defendant could be said to have passively interfered with Deputy Booker in the exercise of his legitimate police duties in attempting to procure a blood sample.[4]
Affirmed.
HOLBROOK, JR., J., concurs.
*507 MURPHY, J. (dissenting).
I respectfully dissent.
The parties mainly rely on the same cases, none of which is dispositive of the issue presented in this appeal. The consolidated cases of People v. Davis and People v. Laway, 209 Mich.App. 580, 531 N.W.2d 787 (1995), provide some guidance for my analysis; however, these cases, I believe, can be distinguished from this case. The police arrested both Davis and Laway for suspicion of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), M.C.L. § 257.625; MSA 9.2325, and each refused to take a Breathalyzer test. The officers, therefore, obtained search warrants to have the defendants' blood drawn and transported them to the hospital. While at the hospital, Davis insisted that his blood would not be taken, despite repeated police warnings that he would be charged with resisting an officer if he did not submit to the blood test. Further, every time the lab technician attempted to draw blood from Davis, Davis pulled away. When Laway arrived at the hospital, he became "defiant" after the search warrant was read to him and stated that his blood would not be taken "without a fight." Id. at 583, 531 N.W.2d 787. Despite police warnings that he would be charged with resisting and obstructing an officer, Laway refused to allow his blood to be drawn.
In concluding that the lower court erred in dismissing the charges of resisting or obstructing a police officer, this Court stated:
Furthermore, we find unpersuasive defendants' argument that their refusal to allow the blood samples to be drawn did not interfere with the officers' performance of their duties. SeePeople v. Pohl, 207 Mich.App. 332, 333, 523 N.W.2d 634 (1994). The officers were attempting to enforce valid search warrants commanding them to "seize" defendants and "procure" blood samples from an appropriate medical facility. Thus, defendants' conduct hindered the officers' execution of their duties under the search warrants. Accordingly, we conclude that the trial court erred in dismissing the charges. [Davis, supra at 586, 531 N.W.2d 787.]
The facts of Davis and Laway are distinguishable from this case. Davis physically interfered with the execution of the warrant when he pulled away from the lab technician who was trying to draw his blood, and Laway became "defiant" and threatened to fight if the technician attempted to draw his blood. Although this Court found that the evidence was sufficient to submit the charge of resisting or obstructing to the jury, Davis does not, in my opinion, stand for the proposition that there must always be evidence of either physical interference or an expressed threat of physical interference. In the present case, there is no evidence that defendant physically interfered with the execution of the warrant, threatened to physically interfere, or even that he spoke in a defiant manner. Rather, the undisputed evidence in this case reveals that defendant calmly and dispassionately replied "no" when asked by the police if he would comply with the warrant to have his blood drawn. Thus, this Court's decision in Davis does not directly address the situation presented in this case in which there is no evidence of either physical interference or an expressed threat of physical interference.
In dismissing the charge of resisting or obstructing an officer, the district court relied on People v. Stubbs, 15 Mich.App. 453, 166 N.W.2d 477 (1968). In Stubbs, police officers arrested a woman at a bar. The defendants essentially harassed and threatened the officers and incited a crowd that had gathered to physically resist the officers in taking the woman from the scene. Eventually, the police were able to get the woman into a police cruiser and leave. The defendants were charged with resisting or obstructing an officer and contended that the charge should be dismissed because personal physical interference *508 was required in a situation "where the police accomplish their purpose." Id. at 456, 166 N.W.2d 477. This Court disagreed and held:
The language of the statute does not require personal physical interference, People v. King [236 Mich. 405, 210 N.W. 235 (1926) ], nor does it require that the police officers be prevented from performing their duty, People v. Krum [374 Mich. 356, 132 N.W.2d 69 (1965)]. There is sufficient obstruction, resistance or opposition if there be threatened interference with an officer by any means coupled with the apparent ability to carry out the threats. In this case the fact that 8 additional officers were called as a result of defendants' acts is ample support for the jury's conclusion that defendants resisted the officers in the performance of their lawful duty. [Stubbs, supra at 456, 166 N.W.2d 477.]
In my opinion, Stubbs does not purport to set forth the exclusive way of establishing resisting or obstructing in the absence of physical interference. Although this Court indicated that threatened interference with the apparent ability to carry out the threat was sufficient, this Court did not state that all other nonphysical conduct was necessarily insufficient. Therefore, while Stubbs is instructive, it is not dispositive of the issue presented in this case.
Further, to conclude that resisting or obstructing always requires either physical interference or threatened physical interference would be inconsistent with this Court's decision in People v. Kelley, 78 Mich.App. 769, 260 N.W.2d 923 (1977). In Kelley, an intoxicated driver drove his vehicle off a road near the defendant's house. The defendant used a tractor to pull the vehicle out of the ditch and was helping the driver when a deputy sheriff arrived. The deputy arrested the driver and began writing an accident report. The defendant asked if he could tow the vehicle away for his friend. The deputy told the defendant that the vehicle had to be towed by a wrecker and impounded. The defendant "continued to insist that he be permitted to tow the car away." Id. at 772, 260 N.W.2d 923. The deputy refused. The deputy asked and then ordered the defendant to unhitch the tractor and leave. The "defendant refused to leave upon request, began making abusive, sarcastic, and obscene remarks to Deputy Kellogg, asked the deputy for his badge number, and, upon receiving an unsatisfactory reply, informed Deputy Kellogg that he had no authority to make him, the defendant, do anything." Id. The deputy informed the defendant that he was under arrest, and, although the defendant physically resisted, he was overcome.
This Court held that the defendant's conduct before his arrest was sufficient to support a conviction of resisting or obstructing the deputy in the investigation of the accident. The defendant claimed that the evidence showed only resisting arrest, which was not charged in the information. This Court noted the prosecution's position "that the evidence was sufficient to show that defendant, prior to his arrest, had knowingly and wilfully obstructed or resisted Deputy Kellogg in the investigation of the accident and the preparation of an accident report...." Id. at 773-774, 260 N.W.2d 923. Agreeing with the prosecution, this Court stated:
The testimony which has been outlined above supports [the people's] position. If accepted by a jury, that evidence could have formed the basis for a conviction under the statute. The evidence shows a marked resemblance to that held to be sufficient in [Krum, supra ], the only significant difference being that in Krum, the defendant had brushed against the state trooper in addition to otherwise interfering with his duties. [Krum, at 359, 132 N.W.2d 69.] However, actual physical interference is not required to be proved to sustain a conviction under the statute. [King, supra.] [Kelley, supra at 774, 260 N.W.2d 923.]
*509 Thus, in the absence of both physical interference or a threat to physically interfere, this Court nevertheless concluded that the evidence supported a resisting or obstructing conviction.
Certain opinions of this Court, however, have suggested that a resisting or obstructing charge requires "active interference." In the context of deciding cases involving defendants who drove away after having been stopped by the police, this Court has used the phrase "active interference" in describing the conduct necessary for resisting or obstructing. In People v. Landrie, 124 Mich.App. 480, 483, 335 N.W.2d 11 (1983), this Court noted that "[t]he only evidence of interference was that the defendant left the scene after the officer had stopped him." This Court believed that the defendant should have been charged with fleeing and eluding, a lesser included offense of interfering with a police officer, stating that
in order to raise the charge to the greater offense, some form of active interference greater than mere fleeing and eluding is necessary. The driving away of a motor vehicle in the face of a police officer's signal to stop does not constitute interfering with a police officer, M.C.L. § 750.479; MSA 28.747. [Landrie, at 483, 335 N.W.2d 11.]
However, in Pohl, supra at 333, 523 N.W.2d 634, this Court referred to active interference in the context of distinguishing the case from Landrie. The Court did not provide detailed facts concerning the incident; however the issue presented was whether mere prearrest flight was sufficient to support a conviction of resisting or obstructing. The Court held that it was. The Court stated that the "defendant's flight in this case actively interfered with a deputy sheriff's traffic stop and investigation of drunk driving.... Although defendant did not physically obstruct the officer, he did engage in conduct that under all the circumstances hindered an officer conducting a police investigation...." Id.
Although each of the cases discussed above provides some guidance, none is controlling with regard to the question presented in this case because each is factually distinguishable from this case. The language of the resisting or obstructing statute, M.C.L. § 750.479; MSA 28.747 provides that "[a]ny person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, ... constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority ... shall be guilty of a misdemeanor...." (Emphasis supplied.) The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. People v. Stanaway, 446 Mich. 643, 658, 521 N.W.2d 557 (1994). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. People v. Nantelle, 215 Mich.App. 77, 80, 544 N.W.2d 667 (1996). However, if judicial construction is necessary, this Court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. People v. Adair, 452 Mich. 473, 479-480, 550 N.W.2d 505 (1996). Among the purposes of M.C.L. § 750.479; MSA 28.747 is to protect police officers from physical violence and harm. People v. Little, 434 Mich. 752, 759, 456 N.W.2d 237 (1990).
In this case, defendant's repeated response of "no" to the deputy's request to submit to a warrant for the extraction of his blood implicitly conveyed the message that physical resistance could be expected if the deputy attempted to force compliance with the search warrant. That is, defendant's conduct left the deputy with a choice between two alternative courses of action. The deputy could have proceeded, as he did, by abandoning any attempt to force defendant to comply with the warrant, thereby decreasing the probability that a physical confrontation would result from the exchange. Or, the deputy could *510 have attempted to execute the warrant by force, thereby increasing the probability that a physical confrontation would result. I believe that the deputy's decision to abandon any attempt to force defendant to comply with the search warrant was the more sensible one. An officer confronted with an apparently intoxicated individual who has announced, however dispassionately, that he will not comply with a warrant for the extraction of his blood should not be required to attempt to physically force compliance with the warrant in order for the prosecutor to properly charge the individual with resisting or obstructing. Stated differently, an officer should not be required to provoke actual physical interference before the offense of resisting or obstructing is implicated. Such a requirement would contravene the purpose of M.C.L. § 750.479; MSA 28.747 to protect police officers from physical violence and harm.
In sum, the question whether a defendant has engaged in conduct that violates the resisting or obstructing statute should be decided case by case. Although the classic example of resisting or obstructing involves a defendant who physically interferes with the officer, actual physical interference is not necessary because case law instructs that an expressed threat of physical interference, absent actual physical interference, is sufficient to support a charge under the statute. Davis, supra at 586, 531 N.W.2d 787. And while an expressed threat of physical interference with an officer is sufficient to support a charge under the statute, such a threat is not necessary because this Court has held that a constant barrage of obscene and abusive remarks to an officer, taken together with the refusal to comply with the officer's orders, is sufficient to warrant a charge under the statute. Kelley, supra at 774, 260 N.W.2d 923. My review of these cases and the applicable statutory language leads me to conclude, simply, that a charge of resisting or obstructing is supported if under the facts of a given case it can be said that the defendant's conduct was proscribed under the statute. There is no essential ingredient to support binding a defendant over on a charge of resisting or obstructing save for what is plainly required in the statute. In this case, defendant's conduct, although indisputably passive in nature, was nevertheless sufficient to constitute obstruction, resistance, or opposition to the deputy's execution of the search warrant for the extraction of defendant's blood.
Accordingly, I would conclude that the district court erred in not binding the defendant over to the circuit court on the charge of resisting or obstructing and that the circuit court erred in affirming that decision. I would remand this case to the circuit court with instructions that the circuit court reinstate the charge of resisting and obstructing.
NOTES
[1] MCL 257.625; MSA 9.2325.
[2] This is somewhat hard to believe because at the time the deputy and the defendant were conversing, the driver's automobile was hitched to the defendant's tractor. Id. at 772, 260 N.W.2d 923. In the eyes of this panel, refusing to unhitch an automobile from a tractor could very easily be construed as physically interfering with an officer's duties.
[3] It should be noted that procurement of a blood sample is an ordinary police function covered under M.C.L. § 750.479; MSA 28.747. People v. Little, 434 Mich. 752, 759, 456 N.W.2d 237 (1990).
[4] We note that had defendant's actions demonstrated the slightest manifestation of overt interference with the police or the hospital staff, we would not have hesitated in reinstating the charge against him.