PEOPLE v PHILABAUN

Docket No. 114405. Decided October 26, 1999. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the district court for further proceedings. Rehearing denied *post*, 1227.

Harry D. Philabaun was charged with resisting or obstructing a police officer, MCL 750.479; MSA 28.747, after refusing to allow blood to be drawn pursuant to a warrant after having been arrested for operating a vehicle under the influence of intoxicating liquor. At the conclusion of the preliminary examination, the 1st District Court, Paul E. Braunlich, J., refused to bind the defendant over to circuit court and, instead, dismissed the case. The Monroe Circuit Court, Joseph A. Costello, J., affirmed, as did the Court of Appeals, MICHAEL J. KELLY, P.J., and D. E. HOLBROOK JR., J. (MURPHY, J., dissenting). 234 Mich App 471 (1999) (Docket No. 201759). The people seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

Whether a defendant has engaged in conduct that violates the resisting or obstructing statute should be decided case by case. Although physical resistance, threats, and abusive speech can be relevant facts in a prosecution under the statute, none is a necessary element. In this case, the defendant's conduct, although indisputably passive in nature, was nevertheless sufficient to constitute obstruction, resistance, or opposition to the deputy's execution of the search warrant for the extraction of the defendant's blood.

Reversed and remanded.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Cheryl E. Werner*, Assistant Prosecuting Attorney, for the people.

*Nearpass & Hudson, P.C.* (by *Leslie M. Carr*), for the defendant-appellee.

Amicus Curiae:

*Elwood Brown*, President, *John D. O'Hair*, Wayne County Prosecuting Attorney, *Timothy A. Baughman*, Chief, Research, Training and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for Prosecuting Attorneys Association of Michigan.

PER CURIAM. The defendant was charged with the offense commonly known as resisting or obstructing a police officer, but the district court dismissed the case. The circuit court and the Court of Appeals affirmed. We reverse the judgments of the Court of Appeals and the circuit court, and remand this case to the district court.

I

One evening in August 1996, Deputy Ken Booker of the Monroe County Sheriff's Department was parked alongside a northbound entrance ramp to I-75.[1] He saw the defendant's GMC Jimmy moving north on the highway. The defendant began braking, then turned sharply to the right and drove up the entrance ramp, traveling in the wrong direction.

Deputy Booker activated the emergency lights on his marked car, and stopped the defendant's vehicle. After talking with him and asking him to perform some field sobriety tests, Deputy Booker was convinced that the defendant was drunk.

Deputy Booker arrested the defendant for operating a vehicle under the influence of intoxicating liquor.[2] MCL 257.625; MSA 9.2325.

---

[1] This case has not been tried, and we take the facts from the district court record.

[2] The file indicates that the defendant was also charged with failure to have an operator's license in his possession, and failure to wear his safety

As they were waiting for a tow truck to remove the defendant's vehicle, Deputy Booker asked whether he would take a breath test. The defendant said that he would.

After the Jimmy was towed, Deputy Booker took the defendant to the Monroe County jail. After they arrived, the defendant said that he wished to speak with a lawyer. Deputy Booker gave him a telephone book and access to a phone.

The defendant called his father, who apparently advised him not to submit to the breath test. The defendant then told Deputy Booker that he would not take the breath test.

Deputy Booker contacted an assistant prosecutor, who advised him to obtain a search warrant for the purpose of getting a blood test.

Deputy Booker drove the defendant to Monroe Mercy Hospital. When the magistrate arrived, Deputy Booker executed the affidavit and she issued the search warrant. As this was taking place, however, the defendant stated that he would not submit to the blood test. After the warrant was signed, he reiterated his stand.

Faced with the defendant's refusal, Deputy Booker explained that a search warrant was a court order and that compliance was required. He told the defendant that if he did not comply, he would be charged "with resisting and opposing." Still, the defendant persisted.

The defendant's refusal was offered in a civil tone. He did not curse or grow abusive. Neither did he

---

belt. MCL 257.311, 257.710e(3); MSA 9.2011, 9.2410(5)(3). Neither of those allegations nor the OUIL charge are before us today.

offer any threats or physical resistence. Likewise, Deputy Booker simply stated his position. There was no attempt by Deputy Booker or the magistrate or the lab technician to force compliance.

Deputy Booker then took the defendant back to jail.

II

In the wake of the defendant's refusal to allow blood to be drawn pursuant to the warrant, the prosecuting attorney charged him with having committed the offense commonly known as resisting or obstructing a police officer.[3] MCL 750.479; MSA 28.747. In particular, the allegation is that the defendant's refusal to comply was a violation of this portion of the statute:

---

[3] Any person who shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars. [MCL 750.479; MSA 28.747.]

> Any person who shall knowingly and wilfully obstruct, resist or oppose any . . . officer or person duly authorized, in . . . attempting to . . . execute any process, rule or order made or issued by lawful authority . . . shall be guilty of a misdemeanor . . . .

At the conclusion of the preliminary examination, the district court refused to bind the defendant over to circuit court. Instead, the district court dismissed the case.

The circuit court affirmed, as did the Court of Appeals. 234 Mich App 471; 595 NW2d 502 (1999). Judge MURPHY dissented.

The prosecuting attorney has applied to this Court for leave to appeal.[4]

III

The district court offered an extended explanation of its decision to deny the bindover. Essentially, the court found that the purpose of the statute "is to punish an assault upon a public officer in the discharge of his duty . . . ." Observing that "[p]enal statutes must be strictly construed," the court concluded that the defendant's politely stated refusal did not rise to the level of misconduct prohibited by the statute.

The circuit court's order of affirmance indicates only that "[t]his Court does not find that the District Judge abused his discretion in dismissing the case based upon the facts of this specific case as presented to the District Court Judge."

The Court of Appeals characterized the issue in this case as "whether verbal conduct, absent any threaten-

---

[4] We grant the motion of the Prosecuting Attorneys Association of Michigan to file a brief amicus curiae.

ing connotation or physical manifestation of an intent to interfere with police duties, can support a charge of resisting or obstructing a police officer." 234 Mich App 475.

Approaching its decision in this matter, the Court of Appeals majority distinguished prior cases in which defendants pulled an arm away from a lab technician who was seeking to take a blood sample;[5] threatened a fight if a blood sample were taken;[6] incited a disturbance that required numerous police officers to quell;[7] and offered abusive, sarcastic, and obscene remarks to a deputy, and resisted arrest.[8] The Court also discussed cases in which defendants left the scene after being stopped by the police,[9] and actively interfered with a deputy sheriff's traffic stop and investigation of drunk driving.[10] Further, the Court noted a case in which a jury instruction on this topic was found to have impermissibly shifted the burden of proof.[11]

Attempting to harmonize the holdings in these cases, the majority held that to gain a conviction the prosecution must show "an active interference, either

---

[5] *People v Davis*, 209 Mich App 580, 582; 531 NW2d 787 (1995).

[6] *Id.*, 209 Mich App 583.

[7] *People v Stubbs*, 15 Mich App 453, 455-456; 166 NW2d 477 (1968).

[8] *People v Kelley*, 78 Mich App 769, 772-773; 260 NW2d 923 (1977).

[9] *People v Landrie*, 124 Mich App 480, 483; 335 NW2d 11 (1983).

[10] *People v Pohl*, 207 Mich App 332; 523 NW2d 634 (1994).

[11] *People v Gaydosh*, 203 Mich App 235; 512 NW2d 65 (1994). In *Gaydosh*, the jury was told:

"It is not necessary that the officer or medical personnel attempt to take the sample by force. As a matter of law, a Defendant's refusal to consent to the Court-ordered blood test is sufficient resistance to support a conviction of this charge if the blood draw is being done or was being offered to be done in a medically safe manner." [203 Mich App 237.]

verbal or physical, or a threatened interference with the ability to carry out the threat." 234 Mich App 480. The majority found it insufficient that the defendant "could be said to have passively interfered" with the police. The majority cautioned that, "had defendant's actions demonstrated the slightest manifestation of overt interference with the police or the hospital staff, we would not have hesitated in reinstating the charge against him." 234 Mich App 480, n 4.

Writing in dissent, Judge MURPHY considered the cases cited by the majority. He agreed that the facts set forth in one opinion were distinguishable.[12] With regard to another,[13] he said that the panel's statement that the active interference in that case was sufficient to uphold the conviction did not mean that proofs showing an absence of physical conduct were automatically *in*sufficient. He thought still another opinion[14] could not be harmonized with a requirement that physical interference occur or be threatened. After discussing two other cases,[15] Judge MURPHY concluded that each of the prior opinions provides some guidance, but is not controlling.

Judge MURPHY then turned to the language of the statute, reminding the reader that "[t]he primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature," and that "[i]f the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted." 234 Mich App 486-

---

[12] *Davis,* n 5 *supra.*

[13] *Stubbs,* n 7 *supra.*

[14] *Kelley,* n 8 *supra.*

[15] *Landrie,* n 9 *supra,* and *Pohl,* n 10 *supra.*

487. It is on that basis that we decide the present case.

IV

The statute provides that "[a]ny person who shall knowingly and wilfully *obstruct, resist or oppose* any [police officer] in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority" is guilty of violating the statute.[16] The plain meaning of those words[17] and the factual record in this case are a perfect fit.[18]

The absence of physical resistance does not alter the fact that, if the prosecution's proofs are true, the defendant resisted and opposed Deputy Booker's attempt to execute a search warrant issued by a magistrate of the district court. Physical resistance, threats, and abusive speech can be relevant facts in a prosecution under this statute, but none is a necessary element.[19]

We said as much in *People v King*, 236 Mich 405, 411-412; 210 NW 235 (1926):

---

[16] The meaning of a statute is a question of law, which we decide de novo. *People v Law*, 459 Mich 419, 423; 591 NW2d 20 (1999).

[17] In *People v Little*, 434 Mich 752, 759; 456 NW2d 237 (1990), we applied the plain language of the statute in determining whether a set of facts fell within the statute. We also have indicated that the purpose of the statute is to protect officers from physical harm. *People v Kretchmer*, 404 Mich 59, 64; 272 NW2d 558 (1978).

[18] Again, we emphasize that this case has not been tried. We are working from the record of the preliminary examination, and taking the facts in the light most favorable to the prosecution.

[19] While research reveals no decision on point, there is ample foreign authority allowing a conviction under a similar statute, without the necessity of showing a physical altercation. Anno: *What constitutes obstructing or resisting officer, in absence of actual force*, 66 ALR5th 397, 513-545.

[K]nowing they had been forbidden to use the park, the defendants went there with a fixed determination to hold the meeting. They found the park closed. Two of them gained entrance, but were ejected by the police. They were warned by the police officers to keep out. Instead of yielding to the law they persuaded their followers, who were present in large numbers, to enter and take possession of the park. What they did is undisputed, but their contention seems to be that they are not guilty of resisting the execution of the ordinance, because they did not resort to physical violence. To constitute an offense under this statute, it was not necessary that they should kick and fight and bite their way into the park. Their conduct under the circumstances was just as effective in resisting the officers as though they had used physical force.

Again, we base our decision today on the plain language of the statute. In this regard, we adopt the following portion of Judge MURPHY's dissent:

In sum, the question whether a defendant has engaged in conduct that violates the resisting or obstructing statute should be decided case by case. Although the classic example of resisting or obstructing involves a defendant who physically interferes with the officer, actual physical interference is not necessary because case law instructs that an expressed threat of physical interference, absent actual physical interference, is sufficient to support a charge under the statute. [*People v Davis*, 209 Mich App 580, 586; 531 NW2d 787 (1995).] And while an expressed threat of physical interference with an officer is sufficient to support a charge under the statute, such a threat is not necessary because this Court has held that a constant barrage of obscene and abusive remarks to an officer, taken together with the refusal to comply with the officer's orders, is sufficient to warrant a charge under the statute. [*People v Kelley*, 78 Mich App 769, 774; 260 NW2d 923 (1977).] My review of these cases and the applicable statutory language leads me to conclude, simply, that a charge of resisting or obstructing is supported if under the facts of a given case it

can be said that the defendant's conduct was proscribed under the statute. There is no essential ingredient to support binding a defendant over on a charge of resisting or obstructing save for what is plainly required in the statute. In this case, defendant's conduct, although indisputably passive in nature, was nevertheless sufficient to constitute obstruction, resistance, or opposition to the deputy's execution of the search warrant for the extraction of defendant's blood. [234 Mich App 488-489.]

For these reasons, we reverse the judgments of the Court of Appeals and the circuit court and the dismissal order of the district court. We remand this case to the district court for further proceedings. MCR 7.302(F)(1).

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.