PEOPLE v HENDRIX

Docket No. 245354. Submitted April 14, 2004, at Lansing. Decided July 8, 2004, at 9:05 A.M. In lieu of granting leave to appeal, the judgment of the Court of Appeals is modified in part, 471 Mich ___.

Todd A. Hendrix pleaded guilty in the Livingston Circuit Court, Stanley Latreille, J., of operating a motor vehicle while under the influence of liquor (OUIL), third offense, and driving while his license was suspended, second offense. At the sentencing hearing, the people argued that the defendant should be sentenced to the jurisdiction of the Department of Corrections for a minimum of one year pursuant to MCL 257.625(8)(c)(i), now MCL 257.625(9)(c)(i), and that such a sentence did not constitute a departure from the sentencing guidelines range of 0 to 11 months by virtue of the language in MCL 769.34(2)(a). The court disagreed on the basis of its interpretation of MCL 257.625(8)(c), now MCL 257.625(9)(c), that it did not provide a true statutory minimum sentence. The court then sentenced the defendant to one year of probation to be served in the county jail pursuant to MCL 257.625(8)(c)(ii), now MCL 257.625(9)(c)(ii). The people filed an application for leave to appeal, claiming that resentencing was warranted. The Court of Appeals, CAVANAGH, P.J., and JANSEN and SAAD, JJ., denied the application in an order entered on May 16, 2002 (Docket No. 239755). The Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted.

The Court of Appeals *held*:

The sentence imposed was not in violation of MCL 257.625(8)(c) or otherwise an abuse of discretion. Section 625(8)(c) of the Michigan Vehicle Code provided that the sentence for an OUIL violation that occurs within ten years of two or more prior convictions was to be either (i) imprisonment under the jurisdiction of the Department of Corrections for not less than one year or more than five years or (ii) probation with imprisonment in the county jail for not less than thirty days or more than one year and community service for not less than sixty days or more than 180 days. The trial court exercised its discretion to choose the second sentencing option.

> MCL 769.34(2)(a) provides in part that if the Michigan Vehicle Code mandates a minimum sentence for an individual sentenced to the jurisdiction of the Department of Corrections and the Michigan Vehicle Code authorizes the sentencing judge to impose a sentence that is less than the minimum sentence, imposing a sentence that exceeds the recommended sentence range but is less than the mandatory minimum sentence is not a departure under § 769.34. Even though defendant's sentencing guidelines range went up to only eleven months, the imposition of the one-year sentence, equal to the mandatory minimum specified in § 625(8)(c)(i), was not a departure under § 34(2)(a).
>
> Affirmed.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *William J. Vailliencourt, Jr.,* Assistant Prosecuting Attorney, for the people.

*Howard S. Siegrist* for the defendant on appeal.

Before: BANDSTRA, P.J., and SAWYER and FITZGERALD, JJ.

BANDSTRA, P.J. Defendant pleaded guilty of operating a motor vehicle while under the influence of liquor (OUIL), third offense, in violation of MCL 257.625(1), and driving while his license was suspended (DWLS), second offense, in violation of MCL 257.904(3)(a). He was sentenced to one year probation to be served in the county jail. This Court denied the people's application for leave to appeal. However, our Supreme Court remanded the case to this Court for consideration as on leave granted. We affirm.

Defendant's sentencing guidelines range was 0 to 11 months. However, during the sentencing hearing, the prosecutor requested that the trial court sentence defendant to the jurisdiction of the Michigan Department of Corrections (MDOC) for 1 to 5 years pursuant to MCL

257.625(8)(c), now MCL 257.625(9)(c). The prosecutor explained to the trial court that it would not be departing from the guidelines by imposing the mandatory minimum listed in the statute. The trial court disagreed, noting that, because MCL 257.625(8)(c) lists alternative sentences for a violation, the statute does not give a "true" statutory minimum. Ultimately, the trial court sentenced defendant to one year probation to be served in the county jail with credit for 135 days.

Statutory interpretation is a question of law that is reviewed de novo on appeal. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). The Legislature is presumed to have intended the meaning it plainly expressed. *People v Petty*, 469 Mich 108, 114; 665 NW2d 443 (2003). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *People v Philabaun*, 461 Mich 255, 261; 602 NW2d 371 (1999). The imposition of a sentence is reviewed for an abuse of discretion. *People v Sexton*, 250 Mich App 211, 227; 646 NW2d 875 (2002).

MCL 769.34(2)(a) states in part:

> If the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections and the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, authorizes the sentencing judge to impose a sentence that is less than that minimum sentence, imposing a sentence that exceeds the recommended sentence range but is less than the mandatory minimum sentence is not a departure under this section.[1]

---

[1] The people rely on earlier language in MCL 769.34(2)(a) that provides that "[i]f a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute. Imposing a mandatory minimum sentence is not a departure under this section." However, that language is inapplicable here because MCL 257.625(8)(c)

The Michigan Vehicle Code, at MCL 257.625(8)(c) states:

> If the [OUIL] violation occurs within 10 years of 2 or more prior convictions, the person is guilty of a felony and shall be sentenced to pay a fine of not less than $500.00 or more than $5,000.00 and to *either* of the following:
>
> (i) Imprisonment under the jurisdiction of the department of corrections for not less than 1 year or more than 5 years.
>
> (ii) Probation with imprisonment in the county jail for not less than 30 days or more than 1 year and community service for not less than 60 days or more than 180 days. Not less than 48 hours of the imprisonment imposed under this subparagraph shall be served consecutively. [Emphasis added.]

This is plainly the kind of sentencing scheme referenced in MCL 769.34(2). MCL 257.625(8)(c)(i) mandates that, for any person imprisoned under the jurisdiction of the Department of Corrections, the minimum term is one year. Thus, that statutory provision "mandates a minimum sentence" for persons who are "sentenced to the jurisdiction of the department of corrections" under MCL 769.34(2)(a). However, as further provided in MCL 769.34(2), the statute also "authorizes the sentencing judge to impose a sentence that is less than that minimum sentence," i.e., the probation, county jail imprisonment, and community service penalties of MCL 257.625(8)(c)(ii).

---

does not simply impose a minimum sentence; it also authorizes the sentencing judge to impose a sentence that is less than that minimum sentence. For that reason, and also because the Michigan Vehicle Code is at issue here, we conclude that the portion of MCL 769.34(2)(a) that we analyze here is applicable. We further note that MCL 769.34(4)(a), which authorizes a department of corrections sentence rather than an intermediate sanction, such as was imposed here, is not at issue here. The people do not argue there was any "substantial and compelling reason," as required by that section, to impose such a greater sentence.

Contrary to the people's argument, nothing in either of these statutes required the trial judge to impose a minimum one year sentence under the jurisdiction of the Department of Corrections. Had the trial court exercised the discretion afforded by MCL 257.625(8)(c) to impose sentence under the jurisdiction of the Department of Corrections, the mandatory minimum sentence would have been one year under MCL 257.625(8)(c)(i). However, the trial court exercised its discretion to choose the other option afforded by MCL 257.625(8)(c)(ii) and sentenced defendant to one year of probation in the county jail.

We conclude that the sentence imposed was not in violation of the statute or otherwise an abuse of discretion. Further, even though defendant's sentencing guidelines range went up to only eleven months, the imposition of the one year sentence, equal to the mandatory minimum of Department of Corrections imprisonment specified in MCL 257.625(8)(c)(i), was "not a departure" under MCL 769.34(2)(a).

We affirm.